IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHELE KOCH, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:24-cv-00214-SRB |
| ) | |
| PLEASANT HILL R-III BOARD OF ) | |
| EDUCATION, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Before the Court is Defendant Andrew Bailey's Motion to Dismiss (Doc. #10); Defendants Guin Mundorf, LLC, Shellie Guin, Barney Mundorf, Jessica Bernard, and Anthony McDaniel's (collectively, "Law Firm Defendants") Motion to Dismiss (Doc. #30); Defendants Pleasant Hill R-III Board of Education, John Edenburn, Cathy Jobe, Robert Travis Ross, Todd Wilson, Deenia Hocker, Lori Redwine, and David Adamczyk's (collectively, "PHBE Defendants") Motion to Dismiss (Doc. #63); and Defendants Pleasant Hill R-III School District ("PHSD"), Dr. Steven Meyers, Dr. Lauren Goddard, Chandra Arbuckle, Becky Gallagher, Jacob VanSlyke, Katelyn Kimbrough, Dr. Suzanne Brennaman, Kayla Taylor, Terri Zimmerschied, Nancy Keilholz, and Cathy Jobe's (collectively, "District Defendants") Motion to Dismiss (Doc. #65). For the reasons discussed below, the motions are GRANTED. Further, for the additional reasons discussed below, Plaintiff Michele and Kendal Koch's (collectively, "Plaintiffs") *pro se* Motion to Disqualify Attorney Jessica Bernard (Doc. #23), Motion for Preliminary Injunction (Doc. #2), and Motion to Amend the Complaint (Doc. #43), are DENIED. PHBE Defendants

and District Defendants' Motion to Strike and/or to Require Plaintiffs to Make the Allegations in the Civil Complaint More Definite and Certain (Doc. #67) is DENIED AS MOOT.

## I. BACKGROUND

Plaintiffs filed a lengthy, 152-page complaint, so the following is only a summary of the allegations in Plaintiffs' Complaint, as the Court construes them. Plaintiffs are the parents of R.K., who they claim was denied disability accommodations within PHSD. Plaintiffs assert that District Defendants then made a retaliatory false abuse and neglect report against Plaintiffs to Defendant Missouri Department of Social Services, Children's Division, and reported R.K. as truant. Plaintiffs sued in the Western District of Missouri on April 6, 2022, Case No. 4:22-cv-00229-HFS, with the Honorable Howard F. Sachs presiding. The parties conducted discovery and had lengthy motion practice. Ultimately, Judge Sachs dismissed the case with prejudice, after Plaintiffs moved for dismissal without prejudice and Defendants moved for dismissal with prejudice.

Plaintiffs now claim that they moved for dismissal because opposing counsel, Law Firm Defendants, intimated them by obstructing discovery, harassing them, and making false accusations against them. They also assert that while the case was pending in front of Judge Sachs, judicial personnel fabricated evidence and denied them due process, the Attorney General's office made misrepresentations and gaslighted them, and they uncovered evidence that the Law Firm Defendants conspired to create false and misleading records on behalf of District Defendants and PHBE Defendants. Specifically, Plaintiffs' main contention appears to be with a timeline of R.K.'s medical and educational history during the 2020-2021 school year, which they argue contained misrepresentations and falsehoods. Further, they assert that PHBE Defendants misappropriated thousands of dollars in public school funds for these legal services.

Plaintiffs also make several other separate claims. They argue that their other child, S.K., was targeted for "secret transgender indoctrination" when she was given a book titled *The 57 Bus*. (Doc. #1, p. 55.) They assert that their other child, J.K., was injured on school property due to unsafe conditions on the school grounds. They assert that Defendant Attorney General Andrew Bailey ("Bailey") publicly said on social media that he would not allow discrimination in Missouri, but has not protected Plaintiffs' children from disability discrimination, and Defendant Megan Drovetta, a social worker at Children's Mercy Hospital, improperly released R.K.'s records to PHSD in 2021.

Plaintiffs allege 34 counts in total. The Court will not repeat all of them in detail here. Broadly, however, they involve: First Amendment retaliation; neglect/breach of fiduciary duty/breach of duty of public trust; Fourteenth Amendment violations; discrimination via Section 504; civil conspiracy; Thirteenth Amendment violations; Fourth Amendment violations; civil racketeering; and civil aiding and abetting of each of these violations. They seek compensatory damages, punitive damages, and injunctive relief.

## II. LEGAL STANDARD

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) provides that a defendant may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Ash v. Anderson Merchs., LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). When deciding a motion to dismiss, "[t]he factual allegations of a complaint are assumed true and construed in favor of the plaintiff, even if it strikes a savvy judge that actual proof of those facts is improbable." *Data Mfg., Inc. v. United Parcel Serv., Inc.*, 557 F.3d 849, 851 (8th Cir. 2009) (citation and quotation marks omitted). However, while "*pro se* complaints are to be construed liberally, . . . they must still allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citation omitted).

## III. DISCUSSION

### A. Defendant Attorney General Andrew Bailey's Motion to Dismiss[1]

Bailey moves to dismiss all claims against "because: (1) the Plaintiffs' pleadings are largely indecipherable and fail to state a discernable cause of action on their face; (2) the Defendant is entitled to Absolute Immunity; and (3) the Defendant is entitled to Sovereign Immunity." (Doc. #10, p. 2.) Specifically, he asserts that "Plaintiffs allege violations of their First [A]mendment rights, but fail[] to set forth how those rights have been violated[,]" and he "can find no case law supporting a claim that a fiduciary duty is owed between the attorney general and the Plaintiff[s], or [he] violated public trust by making a post on X (formally known as Twitter)." (Doc. #11, pp. 5–6.) Plaintiffs state their "[c]omplaint concerns, in part, a demonstrably false abuse and neglect report being maintained by Defendant Children's Division as truth, which no Defendant will work with Pro Se Plaintiffs to resolve without Court

---

[1] As an initial matter, the Court finds that Plaintiffs have not yet properly served any of the defendants as required by Federal Rule of Civil Procedure 4, although some Defendants have voluntarily appeared. Plaintiffs acknowledge as much, stating "no Defendant has been properly served with summons." (Doc. #43, p. 1.) Rule 4 provides that defendants must be served within 90 days after the complaint is filed, in this case by June 23, 2024. Even if Plaintiffs timely and properly effectuate service, dismissal is warranted for the reasons discussed in this Order.

4

assistance, including Defendant Missouri Attorney General Andrew Bailey." (Doc. #55, p. 2.) Plaintiffs further assert that "Missouri Attorney General Andrew Bailey is not immune to the Court's rules, specifically FRCP 60, which provides relief in an independent action based upon misrepresentation." (Doc. #55, p 10.) Further, "Missouri Attorney General Andrew Bailey is a required Plaintiff if not a Defendant, due to his expressed interest and public declarations that he will end discrimination in Missouri schools, which includes the Pleasant Hill R-III School District." (Doc. #55, p. 12.)

"Ordinarily, in addressing a motion to dismiss, the Court would analyze the complaint count by count, stating the elements of the causes of action, and then determining whether the plaintiff alleged 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Johnson v. United States*, No. 4:19-CV-2328 SRC, 2019 WL 6910050, at *4 (E.D. Mo. Dec. 19, 2019) (quoting *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)). However, when "[P]laintiffs' complaint alleges so few facts, as opposed to legal conclusions, recitation of legal jargon, and allegations so fantastic or delusional that they rise to the level of the irrational and wholly incredible, . . . the Court declines to address each purported count separately." *Johnson v. Clark*, No. 4:21-CV-39 RLW, 2021 WL 4312744, at *2 (E.D. Mo. Sept. 22, 2021), *aff'd*, No. 21-3449, 2022 WL 1043980 (8th Cir. Jan. 24, 2022) (quoting *Johnson*, 2019 WL 6910050, at *4).

"Furthermore, [Federal] Rule [of Civil Procedure] 8(e) specifies that each averment of a pleading is to be simple, concise, and direct." *Robinson v. Caspari*, No. 4:06-CV-1679 JCH, 2007 WL 2084110, at *2 (E.D. Mo. July 16, 2007). A "[p]laintiff's failure to comply with Rule 8 renders th[e] action subject to dismissal." *Chamness v. Centurion*, No. 4:23-CV-00449-PLC, 2024 WL 1217310, at *2 (E.D. Mo. Mar. 21, 2024); *see also White v. United States*, 588 F.2d

650, 651 (8th Cir. 1978) (affirming dismissal under Fed. R. Civ. P. 8(a) for a complaint described as unintelligible and a "wholly incomprehensible compilation of unrelated phrases, diatribes, and ramblings").

Here, the Court finds that Plaintiffs fail to state a claim against Bailey. The Court declines to address each claim separately, given that Plaintiffs allege "so few facts, as opposed to legal conclusions, recitation of legal jargon, and allegations so fantastic or delusional that they rise to the level of the irrational and wholly incredible[.]" *Clark*, 2021 WL 4312744, at *2; *see also Braden*, 588 F.3d at 594 ("[T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible.") Yet, Plaintiffs clearly failed to comply with Rule 8 because they do not set forth a "short and plain" statement of their claims in their 152-page complaint. *Centurion*, 2024 WL 1217310, at *2. Further, the Court agrees with Bailey that Plaintiffs fail to articulate how Bailey violated their First Amendment Rights, and no case law demonstrates that Bailey violated public trust by posting on social media. Simply put, Plaintiffs' factual allegations fail to state cognizable legal claims.[2] Thus, Plaintiffs' claims against Bailey are dismissed.

Further, after reviewing Plaintiffs' proposed amended complaint, which is still over 70 pages of unintelligible allegations, the Court finds that an opportunity to amend their complaint would prove futile. *See Barbero v. Wilhoit Prop. Mgmt., Inc.*, No. 6:19-CV-03169-SRB, 2019 WL 3843072, at *2 (W.D. Mo. Aug. 15, 2019), *aff'd*, 795 F. App'x 982 (8th Cir. 2020) ("A

---

[2] Further, the Court finds that even if Plaintiffs did state a cognizable claim against Bailey, since Plaintiffs are seeking monetary relief he is entitled to sovereign immunity because the Eleventh Amendment shields agencies of the State from suit in federal court, which is only waived when Congress has statutorily abrogated such immunity, or when the agency waives its immunity. *See Morgan v. Department of Mental Health*, 2022 WL 1102116 (E.D. Mo. April 13, 2022). The Court finds neither exception applicable here. Additionally, even if Plaintiffs did state a cognizable claim against the assistant attorney general, she is entitled to absolute immunity. *Murphy v. Morris*, 849 F.2d 1101, 1105 (8th Cir. 1988) ("We are convinced that the regular advocacy functions of an assistant attorney general, in defense of civil rights litigation, are worthy of the protections afforded by absolute immunity.")

6

Court may deny leave to amend if the amendment would be futile, meaning the proposed amended complaint would not survive a motion to dismiss under Rule 12." (citing *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010)). "[P]laintiffs do not have an absolute or automatic right to amend." *Barbero v. Wilhoit Prop. Mgmt., Inc.*, No. 6:19-CV-03169-SRB, 2019 WL 3843072, at *2 (W.D. Mo. Aug. 15, 2019), aff'd, 795 F. App'x 982 (8th Cir. 2020) (quoting *U.S. ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005)). For many of the same reasons discussed above, their amended complaint still fails to comply with Rule 8 and does not state sufficient factual matter to allege cognizable legal claims. *See Dumas v. Falkner*, No. 4:15-CV-00389-SRB, 2016 WL 10957243, at *1 (W.D. Mo. July 18, 2016) ("Denial of a motion for leave to amend on the basis of futility means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." (quoting *Zutz*, 601 F.3d at 850)). Thus, Plaintiffs shall not be granted leave to amend their complaint and the claims against Bailey are dismissed with prejudice.

### B. Law Firm Defendants' Motion to Dismiss

The Law Firm Defendants argue that "Plaintiffs' complaint fails to state a claim because it is indecipherable and fails to plead fraud with particularity."[3] (Doc. #40, p. 9.) They further assert that "Plaintiffs[] have not alleged any cognizable damages[,]" and their claims are barred "because Plaintiffs raised the same allegations of civil conspiracy in the [u]nderlying [l]awsuit in their motion to disqualify the Law Firm Defendants, or in the alternative, for entry of default final judgment[,]" and "Judge Sachs denied Plaintiffs['] request for relief." (Doc. #40, pp. 10, 14–15.) Plaintiffs state "that [Law Firm Defendants] were paid thousands of dollars from public

---

[3] Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud[,] . . . a party must state with particularity the circumstances constituting fraud[.]"

7

school funds to falsify Plaintiffs' disabled child's records to, in part, cover up civil rights violations, and that these attorneys' unlawful involvement in the prior lawsuit was to keep their unlawful business practices a secret also has merit." (Doc. #50, p. 9.)

The Court similarly finds that Plaintiffs failed to state a claim against Law Firm Defendants.[4] While Plaintiffs make broad allegations that Law Firm Defendants conspired to create false and misleading documents during the previous litigation, they fail to state a cognizable claim under any law or statute. The Court agrees with Law Firm Defendants that the claims against them lack facial plausibility. Moreover, Judge Sachs previously considered these allegations, stating:

> plaintiffs argue that defense counsel engaged in "fraud or misrepresentation" by repeating arguments already fully briefed in prior motions before this Court. In a nutshell, plaintiffs believe that the school district fabricated evidence in preparing a "Summary" document. The document was discussed extensively in their filings with this Court. Since the dismissal of the case, plaintiffs have obtained billing records that they believe establish that the School District consulted an attorney when preparing this Summary and they argue that this shows fraud on the part of the School District and a conflict of interest on behalf of the district's attorneys. *Notwithstanding that there does not appear to be any fraud or misrepresentation*, plaintiffs have failed to explain how this Summary or the preparation thereof had any impact on their ability to litigate this case.

*Koch v. Taylor*, Case No. 4:22-cv-00229-HFS, Doc. #97, pp. 2-3 (W.D. Mo. Aug. 31, 2023) (emphasis added). Additionally, for the reasons previously discussed, the Court finds that it would be futile for Plaintiffs to amend their complaint. Thus, Plaintiffs' claims against the Law Firm Defendants are dismissed with prejudice.

---

[4] Again, for the reasons discussed above, the Court will not address each claim separately. *See Clark*, 2021 WL 4312744, at *2.

8

### C. PHBE Defendants' Motion to Dismiss

PHBE Defendants argue that "Plaintiffs admit that they are raising the same allegations in the instant case that they brought in the [u]nderlying [l]awsuit [against them]." (Doc. #64, p. 14.) Additionally, they assert that the complaint fails to state a claim against them, stating that "Plaintiffs' 'kitchen-sink' style 152-page, 539-paragraph [c]omplaint against thirty (30) named defendants consists solely of rambling, scandalous, disorganized utterings and legal conclusions." (Doc. #64, p. 17.) For example, "plaintiffs' failure to establish any one of [the] four elements [of a breach of a fiduciary duty claim] entitles the [PHBE Defendants] to judgment as a matter of law." (Doc. #64, p. 19.) Plaintiffs argue that Judge Sachs relied on false testimony in support of his ruling against Plaintiffs, and "as of the date of this filing, no ruling has been provided as to [p]ro [s]e Plaintiffs' request to correct the false testimony cited by the Court that supports the ruling." (Doc. #78, p. 3.) They also assert that they are making new claims because they are alleging that PHBE Defendants misused public funds by paying Law Firm Defendants to falsify their child's medical and educational history timeline. Plaintiffs further argue that the PHBE Defendants' "motion constitutes witness intimidation and violates the First Amendment, Rehabilitation Act, and Title II." (Doc. #78, p. 19.)

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Clark*, 2021 WL 4312744, at *6 (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). Five elements must be satisfied for a suit to be barred by *res judicata*:

> (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); (4) both suits are based upon the same claims or causes of action; and (5) the party against whom *res judicata* is asserted must have had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect.

9

*Id.* (quoting *Rutherford v. Kessel*, 560 F.3d 874, 877 (8th Cir. 2009)).

The Court similarly finds that Plaintiffs failed to state a claim against PHBE Defendants.[5] Not only does the Court once again find that Plaintiffs' allegations fail to amount to cognizable legal claims, the Court finds that Plaintiffs' claims against PHBE Defendants are barred by *res judicata*. Judge Sachs: (1) issued a final judgment, dismissing the case with prejudice; (2) the suit was based on proper jurisdiction; (3) it involved the same Plaintiffs and PHBE Defendants; (4) the suit before Judge Sachs and the instant case both were about R.K.'s disability accommodations, an alleged retaliatory report to Missouri's Department of Social Services, and an allegedly falsified summary timeline of R.K.'s medical and educational history; and (5) the parties had a full and fair opportunity to litigate these issues in the previous suit before Judge Sachs. *See id.* Additionally, for the reasons previously discussed, the Court finds that it would be futile for Plaintiffs to amend their complaint. Therefore, the Court holds that the claims against the PHBE Defendants shall be dismissed with prejudice.

### D. District Defendants' Motion to Dismiss

District Defendants primarily make the same arguments as the PHBE Defendants do in their motion to dismiss. Specifically, they argue that *res judicata*, failure to state any cognizable claim, sovereign immunity, official immunity, and lack of cognizable damages, warrants the dismissal of Plaintiffs' claims against them. Plaintiffs' arguments mirror those made in opposition to PHBE Defendants' motion to dismiss, and emphasize that they have filed a motion to amend their complaint, which will cure any deficiencies. However, for the same reasons as previously discussed, this Court dismisses with prejudice Plaintiffs' claims against District Defendants.

---

[5] Again, for the reasons discussed above, the Court will not address each claim separately. *See Clark*, 2021 WL 4312744, at *2.

E. **Dismissal of Plaintiffs' Remaining Claims**

"After service of process in a fee-paid case, a court may dismiss claims under Federal Rule of Civil Procedure 12(b)(6) on its own motion if the plaintiffs have failed to state a claim upon which relief can be granted." *Clark*, 2021 WL 4312744, at *8 (citing *Murphy v. Lancaster*, 960 F.2d 746, 748 (8th Cir. 1992) (per curiam). "Prior to service of process, a court may dismiss claims under Rule 12(b)(6) on its own motion only if the complaint is frivolous, or when it is patently obvious the plaintiff could not prevail based on the facts alleged in the complaint." *Id.* (quotation marks and citations omitted).

Due to the improper service previously discussed, there are a few defendants that have not responded to the complaint, including Defendants Missouri Department of Social Services, Children's Division; Missouri United School Insurance Council; The Children's Mercy Hospital; Megan Drovetta; and Lynn Rosenburrough. However, after carefully reviewing the complaint and viewing the facts in a light most favorable to Plaintiffs, the Court finds that "it is patently obvious the [P]laintiff[s] could not prevail based on the facts alleged in the complaint." *See id.* Additionally, "several defendants filed motions to dismiss, putting Plaintiffs on notice regarding deficiencies in their [c]omplaint." *Id.* Plaintiffs do not plead facts that could support any plausible claim against any of the defendants. Consequently, on its own motion, the Court dismisses with prejudice all of Plaintiffs' claims against the remaining Defendants.

IV. **CONCLUSION**

Accordingly, it is hereby ORDERED that:

1. Defendant Andrew Bailey's Motion to Dismiss (Doc. #10) is GRANTED;

2. Law Firm Defendants' Motion to Dismiss (Doc. #30) is GRANTED;

3. PHBE Defendants' Motion to Dismiss (Doc. #63) is GRANTED;

4. District Defendants' Motion to Dismiss (Doc. #65) is GRANTED;

5. Plaintiffs' Motion to Disqualify Attorney Jessica Bernard (Doc. #23) is DENIED AS MOOT, given that the claims against her have been dismissed;

6. Plaintiffs' Motion for Preliminary Injunction (Doc. #2) is DENIED AS MOOT, given that all the claims have been dismissed;

7. Plaintiffs' Motion to Amend the Complaint (Doc. #43) is DENIED, for the reasons discussed herein;

8. Plaintiffs' request for oral argument is DENIED;

9. PHBE Defendants and District Defendants' Motion to Strike and/or to Require Plaintiffs to Make the Allegations in the Civil Complaint More Definite and Certain (Doc. #67) is DENIED AS MOOT.

10. Because all claims against all defendants have been dismissed, the Clerk of the Court is directed to mark this case as closed.

**IT IS SO ORDERED.**

                                        /s/ Stephen R. Bough
                                        STEPHEN R. BOUGH
                                        UNITED STATES DISTRICT JUDGE

Dated: May 28, 2024